## WOODWARD *v.* PEABODY.

Where a statute changes the time of holding a term of court, writs and executions, issued before its passage, returnable at said term, become, by operation of law, returnable to the term as changed by the statute.

The provisions of the Revised Statutes, relating to endorsers of writs, are but a revision and reënactment of preëxisting statutes on that subject.

Where a defendant obtains judgment for costs against a plaintiff, not an inhabitant of the State, the endorser of the plaintiff's original writ becomes immediately liable to pay such costs, and *scire facias* may at once be maintained against him without suing out execution upon the judgment.

SCIRE FACIAS against the defendant, as endorser of an original writ in favor of one Wesley Ladd against the plaintiff, to recover of him the costs which the plaintiff recovered against said Ladd in the former suit.

The defendant filed a general demurrer, in which the plaintiff joined.

The following copy of the *scire facias* makes a part of this case :

"THE STATE OF NEW-HAMPSHIRE.

MERRIMACK SS.

[L. S.] *To the Sheriff of any County in this State, or his Deputy.*

Whereas Daniel R. Woodward, of Franklin, in said county, stone-mason, by the consideration of the court of Common Pleas, holden at Concord, in said county, on the third Tuesday of March, A. D. 1857, recovered judgment against Wesley Ladd, of McHenry, in the county of McHenry, and State of Illinois, yeoman, for costs, taxed at thirty-eight dollars and twenty cents, as appears of record; and whereas, on the eighteenth day of April, A. D. 1857, a writ of execution for the costs aforesaid issued on said judgment, returnable to our then next term of said court, holden at Concord, in and for said county, on the third Tuesday of October, A. D. 1857, and said execution was

then and there delivered to Jonathan L. Cilley, Esq., then and since a deputy-sheriff of said county of Merrimack, who, having kept said execution in his hands until the return day thereof, then returned the same to said court, with his return thereon, as follows :

"MERRIMACK ss. October 13, 1857. Having kept the said execution in my hands until this return day thereof, and having made diligent search, and not being able to find the said Wesley Ladd in my precinct, I return this execution wholly unsatisfied.

J. L. CILLEY, Deputy-Sheriff."

"Fees, $1.28."

And whereas James L. Peabody, of Franklin aforesaid, gentleman, before the service of the original writ in said action, endorsed his name, by his attorneys, Pike & Barnard, on the back thereof, and thereby became chargeable to pay said costs to the said Daniel R. Woodward, who was the defendant in that suit, as by the record thereof appears ; and the said Wesley Ladd, while said writ of execution was in force, did avoid, so that he could not be arrested thereon, and did not pay or satisfy said costs, and said judgment remains in force, not satisfied, reversed or annulled, as we are informed :

We command you, therefore, to summon the said James L. Peabody to appear before the court of Common Pleas, to be holden at Concord, in said county of Merrimack, on the third Tuesday of March next, to show cause, if any he has, why the said Daniel R. Woodward should not have execution against him for the amount of the aforesaid execution, and interest, and for costs. And make return of this writ and your doings therein.

Witness Jonathan Kittredge, Esq., the fifth day of December, A. D. 1857.

N. BUTLER, Clerk."

Woodward *v.* Peabody.

*Butters & Goodwin,* for the plaintiff.

*Pike & Barnard,* for the defendant.

FOWLER, J. By the act of June 27, 1857, the time of holding the court of Common Pleas in Merrimack county was changed from the second to the third Tuesday of October. This act took effect on the 15th day of September, 1857, and, by virtue of it, the execution of the present plaintiff against the plaintiff in the original suit, issued on the 18th day of April, 1857, by its terms returnable on the second Tuesday of October, became and was, by operation of law, made returnable on the third Tuesday of October, and is so correctly set forth in the *scire facias.* Of this change in the return day of the execution the officer was bound to take notice. It therefore appears by the officer's return that he returned the execution one week before it was by law returnable. *Brown* v. *Roberts,* 24 N. H. 131.

If it were necessary, therefore, to charge the defendant as endorser, that an execution for costs should issue against the original plaintiff, and be returned *non est inventus,* or in no part satisfied, by the officer to whom it had been committed for collection, it is clear, upon adjudged cases, that the demurrer in the present action must prevail; *Chadbourne* v. *Hodgdon,* 1 N. H. 359 ; *Parsons* v. *Pearson,* 1 N. H. 336 ; *Ruggles* v. *Ives,* 6 Mass. 495 ; *Eaton* v. *Sloan,* 2 N. H. 552 ; because it could not appear, by a return made one week before the return day of the execution, but what in that interval the officer might have found the judgment debtor, or satisfied the execution by a levy upon his property, or otherwise. Such return would furnish no evidence of avoidance or inability, between its date and the return day of the execution.

The question then arises, whether, under the provisions of the Revised Statutes in relation to the endorsement of

writs and the liability of the endorsers thereof, it is neces-
sary, before a *scire facias* can be maintained against one
who has endorsed, as did the defendant in the present
case, a writ for a plaintiff who is not an inhabitant of this
State, that an execution against such non-resident plaintiff,
for the costs for which judgment has been obtained against
him in the suit, shall have been issued, placed in the
hands of an officer for collection, and by him duly re-
turned unsatisfied, or, as to such original plaintiff, *non est
inventus.*

The determination of this question depends upon the
fact whether or not there is any substantial difference be-
tween those provisions and the law upon the same subject
in force in this State for more than fifty years immediately
preceding the adoption of the Revised Statutes ; for it was
well settled, that under the former law, where a judgment
was rendered for costs in favor of a defendant against a
plaintiff not an inhabitant of this State, the endorser of
such plaintiff's original writ became immediately liable to
pay such costs, and a *scire facias* might be at once main-
tained against him, without suing out any execution upon
the judgment. *Parsons* v. *Pearson,* 1 N. H. 336 ; *Chad-
bourne* v. *Hodgdon,* 1 N. H. 359 ; *Eaton* v. *Sloan,* 2 N. H.
552 ; *Butler* v. *Haynes,* 3 N. H. 21 ; *Shepley* v. *Story,* 3
N. H. 63.

By the seventh section of the act of February 9, 1791,
[Laws of 1805,—88 ; Laws of 1815,—100] it was provided,
that all original writs issuing out of the Superior Court of
Judicature, or the court of Common Pleas, shall, before
they are served, be endorsed on the back thereof, near the
bottom, by and with the name of the plaintiff, if he be an
inhabitant of this State, or in like manner by his agent or
attorney, being an inhabitant of this State ; and where
the plaintiff is not an inhabitant of this State, then the
writ shall be endorsed in the manner aforesaid by some
responsible person who is an inhabitant of this State ; and

the plaintiff's agent or attorney, who shall so endorse his name as aforesaid, shall be liable, in case of the plaintiff's living out of the State, or upon neglect, inability or avoidance of the plaintiff and return of *non est inventus*, or that such execution as may have issued against the plaintiff is unsatisfied, to pay the defendant all such costs as he may recover, and to pay all prison charges that may happen, where the plaintiff shall not support his action, on *scire facias* to be brought against such endorser within one year from the time of rendering judgment against the plaintiff, and not afterwards. This was the law under which the decisions in *Parsons* v. *Pearson,* and the other cases cited, were made.

In the revision of the statutes in 1828-9, the exact language of the foregoing section, omitting the words, "*near the bottom,*" in the description of the place of making the endorsement, and the words, "*and to pay all prison charges that may happen,*" in stating the extent of the liability, was reënacted as the tenth section of the act of January 2, 1829, and continued in force until superseded by the going into effect of the Revised Statutes on the first day of March, 1843.

On examining the Revised Statutes it will be seen that the provisions of this lengthy section, as amended in the revision of 1828-9, together with those of the fourth section of the act of December 31, 1828, regulating the endorsement of justice writs, are substantially embodied in three brief sections of chapter 182, as follows :

"SEC. 17. All original writs shall, before they are served, be endorsed on the back thereof by the plaintiff, his agent or attorney, being an inhabitant of this State ; and if the plaintiff is not an inhabitant of this State, by some responsible person who is such inhabitant.

"SEC. 18. The person so endorsing any writ shall be liable, in case the plaintiff shall live out of the State, upon return of *non est inventus*, or that such execution as may

Woodward *v.* Peabody.

have issued against the plaintiff is unsatisfied, to pay to the defendant all such costs as he may recover against the plaintiff.

"Sec. 19. Such defendant shall have his remedy by writ of *scire facias* against such endorser, which shall be served upon the endorser before the second term of the court, after final judgment is entered against the plaintiff, or within one year after final judgment is so rendered before a justice, and not afterwards." Compiled Laws 465, 466.

Now it does not seem to us to admit of the slightest doubt that it must have been the intention of the commissioners who prepared, and of the legislature that enacted, the Revised Statutes, simply to embody, in a more brief and concise style, in these sections, the somewhat involved and more extended provisions of the existing laws on the subject of the endorsement of court and justice writs, the liability of the endorsers thereof, and the remedy to enforce that liability; and not to make any great or substantial change in those provisions, such as would result from the construction for which the defendant contends, and upon which the plaintiff seems to have acted in placing his execution against the original plaintiff in the hands of an officer. Construing them as a mere reënactment in an abbreviated form of the old law, as it had been previously interpreted, the endorser of a writ is manifestly made liable, in three cases, for the costs recovered by the defendant; first, absolutely and immediately, where the plaintiff is not an inhabitant of the State; secondly, where, although the plaintiff may be an inhabitant of the State, the execution issued against him shall have been duly returned by the officer to whom it was committed *non est inventus* as to him; and, thirdly, when such execution against the original plaintiff, an inhabitant of the State, shall have been duly returned unsatisfied, although the plaintiff may have been found by the officer.

Woodward *v.* Peabody.

Such a construction is required by the fact that the report of the commissioners to revise the laws, which was adopted without alteration or amendment by the legislature, shows that these sections were intended only as a revision of the former laws, which are directly referred to as the foundation of them, [Report of Commissioners, ch. 185, secs. 17, 18 and 19,] as well as by the general principle, that any slight change in the phraseology of the revision of a statute is ordinarily to be regarded as the result of an attempt to attain greater brevity and neatness of style, rather than of an intention to change the force and effect of the preceding law, which had received a settled construction. *Crowell* v. *Clough*, 23 N. H. 208 ; *Sheffield* v. *Lovering*, 12 Mass. 492.

Nor is there anything unnatural or forced in this construction, looking at the language employed. Any seeming difficulty entirely vanishes, by inserting or implying the conjunction " *or*" between the two first clauses of the eighteenth section, setting forth the liability of the endorser, as it existed in the acts of 1791 and 1829. Besides, to regard the non-residence of the original plaintiff as a condition precedent to the possible liability of an endorser, would render utterly nugatory the endorsement of a writ by any other person than the plaintiff himself, whenever he was an inhabitant of the State. With these views there must be judgment for the plaintiff on the demurrer.

*Demurrer overruled.*